STATE OF NEW JERSEY, v. ROBERT LORAY, DEFENDANT.
TREASURER OF ESSEX COUNTY, INTERVENOR-APPELLANT.

STATE OF NEW JERSEY, v. CLARENCE L. SMITH, DEFENDANT.
TREASURER OF ESSEX COUNTY, INTERVENOR-APPELLANT.

Argued October 25, 1965—Decided March 7, 1966.

418

*Mr. Arthur R. Schmauder* argued the cause *pro se* in *State v. Loray.*

*Mr. Peter Murray* argued the cause for respondent Charles C. Carella in *State v. Smith.*

*Mr. Albert Poll,* Assistant County Counsel, argued the causes for intervenor-appellant (*Mr. Nicholas T. Fernicola,* Essex County Counsel, attorney).

The opinion of the court was delivered

PER CURIAM. The question presented in these cases is whether counsel assigned to an indigent defendant in a post-conviction claim under *R. R.* 3:10A may be compensated for his services where the conviction thus sought to be upset was for murder. In both cases the trial court granted an allowance payable by the county treasurer. He appeals. The opinion of the trial court in the *Loray* matter is reported. 87 *N. J. Super.* 119 (*Law Div.* 1965).

We have this day held that with respect to all criminal matters compensation must be paid to counsel assigned after January 1, 1967, but until then compensation will be limited to cases of murder, as to which a legislative direction for compensation has existed since 1888. *State v. Rush,* 46 *N. J.* 399 (1966). Hence the pivotal question is whether the post-conviction proceeding is part of a "murder case" within the meaning of the statute authorizing payment, *N. J. S.* 2A: 163–1.

Appellant recognizes that we have already found that a direct appeal from the judgment of conviction is part of the "murder case" within the meaning of the statute. Our rule, *R. R.* 1:12–9(f), which implements the statute, expressly reflects that view since it speaks of compensation for services "rendered on appeal." But appellant says a post-conviction proceeding is not an "appeal," pointing out that it may not serve as a substitute for a direct appeal, *R. R.* 3:10A–3; *State v. (Edgar) Smith,* 43 *N. J.* 67, 74 (1964). This is true, and it may be added that our post-conviction proceeding includes the former *habeas corpus* action which, for certain purposes at least, was considered a "civil" rather than a criminal matter, *State v. La Fera,* 42 *N. J.* 97, 101 (1964). Nonetheless by a post-conviction claim a defendant seeks "to undo his conviction" and "to renew the criminal

controversy," *State v. LaFera,* 42 *N. J.,* at *pp.* 102 and 104. In that light, *R. R.* 3:10A–12 provides that the judgment entered in such a proceeding "shall constitute a final judgment in a criminal cause." We think, when the issue is whether compensation is to be paid, it would be artificial to say a post-conviction attack is no part of the "murder case."

██ We are satisfied the post-conviction proceeding is within the ambit of the murder-compensation statute, *N. J. S.* 2A:163–1. Literally it comes also within so much of the implementing rule, *R. R.* 1:12–9(f), as speaks of "services rendered in such [trial] court," but whether it was actually in mind when we drafted the rule is not critical, since, as we pointed out in *State v. Rush, supra,* 46 *N. J.* 399, it is the statute, rather than the rule of court, which is the source of the county's obligation to pay.

The orders are affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.