STATE, Respondent v. ASIMAKIS, Appellant

(195 N.W.2d 407)

(File No. 10887. Opinion filed March 7, 1972)

**Gordon Mydland,** Atty. Gen., **William J. Srsika, Jr.,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

**Alan F. Glover,** Brookings, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant and two other persons were bound over to the Circuit Court of the Third Judicial Circuit in Brookings County to answer charges of third degree burglary and grand larceny. Upon arraignment on an information filed September 23, 1969, defendant entered a plea of not guilty to both counts. Later defendant moved the court to withdraw his not guilty plea to the grand larceny Count II and substitute therefor a plea of guilty. This motion was granted, a guilty plea entered, and defendant sentenced to be imprisoned in the penitentiary for 36 months. Upon an application of the state's attorney for dismissal of burglary Count I, the court entered an order dismissing that count. Thereafter defendant made application for a writ of habeas corpus in the Circuit Court of the Second Judicial Circuit alleging his plea was improvidently made. Upon the hearing, the writ was granted and the sentence of the court set aside.

Defendant was returned to Brookings County where a complaint and information were filed charging him with two counts of third degree burglary. Counsel was appointed for him. Prior to trial he made a motion to dismiss the information which was denied. Upon trial he was convicted on both burglary counts and sentenced not to exceed 15 years on each count, the sentences to run concurrently. Motions in arrest of judgment and for a new trial were denied. Defendant appeals, and on appeal is represented by different appointed counsel. The briefs are extensive, citing over 100 authorities, only a few of which are referred to in the opinion.

SDCL 23-34-7 provides the "court may * * * upon the application of the state's attorney, in furtherance of justice, order an action to be dismissed", and SDCL 23-34-6 provides that an "order for the dismissal of the action, as provided in this

chapter, is not a bar to another prosecution for the same offense." The grounds for dismissal set out in the application of the state's attorney were that defendant had entered a plea of guilty and had been sentenced on Count II, the grand larceny charge, and the "ends of justice do not warrant further prosecution", that is of Count I, the burglary charge. The "ends of justice" in the application comes clearly within the phrase the "furtherance of justice" in SDCL 23-34-7, and so the dismissal thereon was not a bar for prosecution thereafter for the same offense permitted by SDCL 23-34-6. This section was held constitutional in State v. Werner, 78 S.D. 562, 105 N.W.2d 668.

■ ■ While defendant's claim of double jeopardy should have been raised by entering the plea stated in SDCL 23-35-16(3), this defense is not tenable. Where defendant has his conviction set aside by collateral proceedings on the ground his plea was not voluntarily entered, he may be tried again for the same offense. United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448. See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. The plea is vacated as a nullity, the action reverts back to a status as if no plea was entered, and the state may proceed either on the same information or a new prosecution to prosecute defendant.

■ On October 22, 1969, defendant filed a written motion to suppress three homemade skeleton keys and a money bag seized by Minnesota law enforcement officers when they apprehended defendants upon receipt of word to be on the lookout for persons in a car identified by license number and description, and advising that a felony warrant was out for arrest of defendant. The officers stopped the car and arrested defendant who was driving it. The items seized were in plain sight of the officers outside the car. The bag, which was new, bright red and had large lettered bank identification on it, was full of rolled coins, dimes and quarters, including marked coins. Defendant's claim of error is that at a pre-trial hearing held October 28, 1969, on various motions, including the motion to suppress, Circuit Judge Anderson stated the witnesses could testify to what they saw, but he "would suppress any showings of the things that were in the car". No

order was ever entered on this subject so the judge's statement was only an expression of his views and did not bind either his later ruling and decisions or, as here, those of a different judge on their admissibility in evidence during the trial.

■ Defendant claims the court erred in admitting the money bag in evidence. The officers who arrested defendant testified they saw this bright red money bag with the large letters "F & M" lying on the shelf in front of the car's back window; that it could be and was seen by them from outside the car, and as it was partly opened they saw rolls of coins in it. The testimony of what they saw was clearly admissible and not the result of a search, State v. Hermandson, 84 S.D. 208, 169 N.W.2d 255. See also State v. Klingler, 84 S.D. 466, 173 N.W.2d 275, and cases cited. Nor was the admission in evidence of the bag erroneous. There was testimony the bag was given to one of three men in the white Pontiac convertible the morning after the burglary under circumstances mentioned later.

■ Defendant argued in the brief that the trial court erred in sentencing him not to exceed 15 years on each third degree burglary count,[1] the periods to run concurrently, when on his prior plea of guilty to a grand larceny count he was sentenced to 36 months on the grand larceny count. While no assignment of error as the basis of this contention appears in the record, we comment on the claim. The punishment for grand larceny is imprisonment in the penitentiary not exceeding 10 years or in a county jail not exceeding one year, SDCL 22-37-3; for burglary in the third degree the punishment is imprisonment in the penitentiary for any term not exceeding 15 years, SDCL 22-32-10. As is apparent the legislature as a policy has deemed grand larceny not to be as serious a crime as third degree burglary, as the permitted limited jail sentence attests. The prior sentence was on one grand larceny conviction, here there are two burglary convictions. None of the proceedings that took place at the sentencing for grand larceny, except the sentence of Judge Anderson, is in the record before us.

---

1. SDCL 23-48-43 and 23-48-44 provide the term of an indeterminate sentence shall be fixed by the board of pardons and paroles with power to parole the convict for such portion of the sentence as it may deem wise and expedient.

At the trial, defendant took the stand and testified. In that testimony he admitted nearly all the facts the state's evidence showed of his presence in Brookings and at the laundromat during the night in question — that he was the driver of the car at all these times, including the time he drove to the Watertown bank and let one of his friends out at the bank door where the friend entered and cashed in over $100 in coins while defendant drove to the drive-in window where the other friend cashed in over $100 in coins; these coins, the exchanged funds and the red bag were passed back and forth by defendant. Some of the coins were marked coins and were identified as belonging to the laundromat owner. Defendant denied the actual burglary. On direct examination he testified he had been convicted of burglary in Missouri and sentenced to a term in that state's penal institution, and, further, that he had never been charged with any other offense. On cross-examination, after production of an authenticated copy of these proceedings and a recess, he admitted the conviction, that he had been placed on probation which within a few months was revoked, and that he had been required to serve the sentence after being questioned about another burglary. Evidence of conviction of a felony is admissible to impeach a defendant's credibility as a witness. See State v. Olson, 83 S.D. 260, 158 N.W.2d 526. Whether this information was revealed to Judge Anderson on the first sentencing does not appear. In any event, the two burglary convictions here are different from one grand larceny conviction; they do not exceed the statutory limit, and we perceive no reason why they should or may be set aside. See State v. Williams, 84 S.D. 547, 173 N.W. 2d 889.

■ We have considered other claimed errors and find no merit in them; nor have we overlooked the assertion that the evidence is insufficient to justify the verdict. Claims such as these are common in criminal appeals and require the evidence in the transcripts be read. We have done so and have adverted to a small part of the evidence. Some of it was positive identification, some expert in character, which the state was required to introduce to prove defendant's guilt not knowing defendant would take the stand and admit his presence at the two laundromats

burglarized and the bank at the time of cashing the stolen coins, though denying he committed the burglaries. The import of his testimony cast the blame on his two friends, and under a plea of not guilty required a jury verdict, though the evidence amply sustains the verdict of guilty. The claim of insufficiency of the evidence is frivolous.[2]

The judgment is affirmed.

HANSON, P. J., and WINANS and WOLLMAN, JJ., concur.

DOYLE, J., not participating.

2. This is no reflection on defendant's counsel, for it is now well known that counsel in many appeals are importuned, criticized or threatened as to their methods of presenting appeals. See United States v. Barcley, 8 Cir., 1971, 452 F.2d 930. Thus, counsel have in some instances, in addition to setting out and arguing claims they believe arguable, added others their indigent clients insist be presented.