ASIMAKIS, Appellant v. STATE, Respondent

(210 N.W.2d 161)

(File No. 11193. Opinion filed August 28, 1973)

Duane C. Anderson, Sioux Falls, for petitioner and appellant.

Kermit A. Sande, Atty. Gen. (on the brief), Walter W. Andre, Asst. Atty. Gen., Pierre, for respondent.

HANSON, Justice.

The appellant, George Asimakis, was originally charged with burglary in the third degree and grand larceny in the Circuit Court of Brookings County. He entered a plea of guilty to grand larceny and the burglary charge was dismissed on motion of the state's attorney. Appellant was sentenced to three years in the state penitentiary. After serving approximately five months, appellant petitioned the Circuit Court of Minnehaha County for a writ of habeas corpus. The writ was granted and the sentence was vacated and set aside. Appellant was then returned to

Brookings County for further proceedings. On his return appellant was charged with two counts of burglary in the third degree, one count for Ralph's East Side Laundromat and the other for Ralph's Coin Wash 'N Dry Laundromat. He was convicted on both counts and the trial court imposed indeterminate sentences of 0 to 15 years in the state penitentiary on both counts, the sentences to run concurrently. Thereafter, defendant appealed these convictions which were affirmed by this Court in State v. Asimakis, 1972, 86 S.D. 339, 195 N.W.2d 407.

During the time appellant's appeal was pending he filed a petition for a writ of habeas corpus in the Circuit Court of Minnehaha County. He now appeals from the judgment quashing his application for such writ contending:

I.   His grant of immunity from prosecution for burglary of Ralph's East Side Laundromat barred a retrial on the same charge,

II.  The retrial for burglary of Ralph's East Side Laundromat was barred by operation of SDCL 22-6-4,

III. The prosecution for burglary of Ralph's Coin Wash 'N Dry was barred by the Due Process Clause of the 14th Amendment to the United States Constitution,

IV.  On retrial the Court did not have jurisdiction to impose a more severe sentence than originally imposed,

V.   On resentencing the appellant should have been given credit for all time served under his first sentence, and

VI.  The appellant was deprived of due process because two accomplices did not testify in his behalf.

Appellant's first three contentions were fully considered and answered in our prior opinion and further comment on them at this time would be superfluous. See State v. Asimakis, supra.

■ Appellant's original sentence of three years in the state penitentiary imposed after his conviction of grand larceny did not constitute a bar to a more severe sentence for the crime of burglary in the third degree. The two offenses are separate and independent with different penalties provided for each. The limitation in North Carolina v. Pearce, 395 U.S. 711, 89A S.Ct. 2072, 23 L.Ed.2d 656, against the imposition of a more severe punishment after conviction of the same offense upon retrial has no application. This was the conclusion reached in Percy v. State of South Dakota, 8 Cir., 443 F.2d 1232, wherein the court stated:

> "Although, appellant's two convictions were based upon the same criminal episode or transaction as shown above, indecent molestation and kidnapping are separate and distinct offenses, with different punishments provided for each under the South Dakota statutes.
>
> We do not interpret the decision in North Carolina v. Pearce, supra, to apply to another offense arising out of the same transaction."

■ After the imposition of the indeterminate sentence it was the duty of the Board of Pardons and Paroles to fix the actual term of appellant's sentence. The Board fixed the term of imprisonment at four years on each burglary count, the terms to run concurrently. This was done under the authority of SDCL 23-48-43 and SDCL 23-48-44. As the term fixed by the Board of Pardons and Paroles was far less than the maximum sentence which could have been imposed it is presumed the Board considered and granted appellant credit for all time served under his original offense. Under the circumstances, credit for the time previously served by appellant was a matter addressed solely to the discretionary power of the Board of Pardons and Paroles. The record shows no abuse of such power.

■ There is no merit to appellant's final contention that he was deprived of Due Process because his two accomplices, Harvey Dean Weston and Robert Keith Palmer, did not testify on his behalf. The record shows in this regard that appellant did not

exercise his constitutional right to subpoena either witness. Furthermore, such prospective witnesses were advised by their respective counsel not to testify in the event they were subpoenaed for the reason their testimony might incriminate them.

Affirmed.

BIEGELMEIER, C. J., WINANS and WOLLMAN, JJ., and MUNDT, Circuit Judge, concur.

MUNDT, Circuit Judge, sitting for DOYLE, J., absent.