# TIMOTHY SWEETWINE v. STATE OF MARYLAND

[No. 41, September Term, 1979.]

*Decided August 12, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ▪ ORTH, COLE and DAVIDSON, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen H. Sachs, Attorney General,* with whom was *Diane G. Goldsmith, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In this criminal case, the defendant was charged with both a greater offense and a lesser included offense based upon the same act. He pled guilty to the lesser included charge, was convicted and sentenced only upon that charge, and the greater charge was not submitted to the trier of facts. Later, the defendant repudiated the guilty plea and was successful in obtaining a new trial. The issue before us is whether, under these circumstances, the defendant may be retried on the greater charge and, upon conviction, receive a sentence for the greater offense which exceeds the sentence previously imposed for the lesser offense.

The petitioner, Timothy Sweetwine, was charged with

robbery in violation of Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 486, with armed robbery in violation of Art. 27, § 488, and with other related offenses.[1] Pursuant to a plea agreement, he pled guilty to robbery under § 486; the State agreed to drop the other charges; and he was sentenced to six years' imprisonment.[2] Claiming that his plea was involuntary, Sweetwine appealed to the Court of Special Appeals. His conviction was reversed by that intermediate appellate court, in an unreported opinion, on the ground that the record did not adequately reflect that the "plea was voluntarily or intelligently made."

On remand for a new trial before a different judge, the State offered Sweetwine the same plea bargain which had been agreed to at the first trial. Furthermore, on the condition that Sweetwine would once again plead guilty to the robbery count charging simple robbery, the trial judge offered to limit the sentence to the six-year term that was

---

1. Section 486 provides:

"Every person convicted of the crime of robbery, or as accessory thereto before the fact, shall restore the thing robbed or taken to the owner, or shall pay to him the full value thereof, and be sentenced to the penitentiary for not less than three nor more than ten years."

Section 488 provides:

"Every person convicted of the crime of robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto, shall restore to the owner thereof the thing robbed or taken, or shall pay him the full value thereof, and be sentenced to imprisonment in the Maryland Penitentiary for not more than twenty years."

Although treated in two statutory sections, both simple robbery under § 486 and armed robbery under § 488 constitute the common law felony of robbery. The statutory provisions merely fix the penalties for robbery (§ 486) and for that robbery if it is committed with a dangerous or deadly weapon (§ 488). *See* Whack v. State, 288 Md. 137, 140-141, 416 A.2d 265 (1980), and cases there cited. Nevertheless, because armed robbery requires proof of an additional element, the offenses are distinct. Simple robbery must be treated as a lesser included offense of armed robbery. See Bynum v. State, 277 Md. 703, 707, 357 A.2d 339, 341, *cert. denied,* 429 U.S. 899, 97 S. Ct. 264, 50 L. Ed. 2d 183 (1976).

2. Although the State neither dismissed nor entered a nolle prosequi on the remaining counts of the indictment, this appears to have been implicitly agreed to. The record of the guilty plea hearing does indicate other matters relevant to the bargain. In return for the plea, the State agreed to request a presentence report and agreed to recommend that Sweetwine be allowed to remain out on the same bail. A recommendation as to the length of the sentence, however, was not a part of the bargain.

imposed at the first proceeding. Sweetwine declined the offer, pled not guilty, and was subsequently retried on the entire indictment. The jury found him guilty of armed robbery, and the trial judge sentenced him to twenty years' imprisonment. Thereafter, the conviction was affirmed by the Court of Special Appeals, *Sweetwine v. State,* 42 Md. App. 1, 398 A.2d 1262 (1979).

Sweetwine then filed a petition for a writ of certiorari, raising several issues. We granted the petition, limiting our review solely to the question of whether, after petitioner's first conviction for simple robbery was reversed on appeal, he could be retried for and given a greater sentence for armed robbery.

The petitioner's attack upon the retrial for armed robbery and the increased sentence has several different prongs. Relying chiefly upon *Green v. United States,* 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957), Sweetwine argues that the retrial for the greater offense violated the Fifth Amendment's prohibition against double jeopardy. The petitioner also urges that, apart from constitutional considerations, we should follow the decision in *People v. McMiller,* 389 Mich. 425, 208 N.W.2d 451, *cert. denied,* 414 U.S. 1080, 94 S. Ct. 599, 38 L. Ed. 2d 486 (1973), and, as a matter of state criminal procedure, refuse to countenance retrial on the higher charge under the circumstances of this case. Next, petitioner argues that even if retrial on the armed robbery charge were permissible, the increased sentence was inconsistent with due process principles as set forth in *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). Additionally, the petitioner contends that the increased sentence after retrial violated Code (1974, 1980 Repl. Vol.), § 12-702 (b) of the Courts and Judicial Proceedings Article.

(1)

In holding that double jeopardy principles did not bar the trial for armed robbery after a reversal of the robbery conviction, the basic reason offered by the Court of Special

Appeals was that, at the first trial, jeopardy never attached to the armed robbery count. The intermediate appellate court relied on the fact that no evidence was offered with respect to the armed robbery count, and relied on the State's failure to nolle pros or otherwise dismiss that count. *Sweetwine v. State, supra,* 42 Md. App. at 3. As an alternate ground, the court below took the view that whether jeopardy attached or not, in a plea bargain situation "the whole package of reciprocal arrangements is conditional" and if the defendant has the guilty plea set aside, "both the defendant and the state return to 'square one.'" 42 Md. App. at 4.

We agree with the holding of the Court of Special Appeals, although not entirely with that court's reasoning. At petitioner's first trial, when the court accepted his plea of guilty to simple robbery, "jeopardy" attached to the greater charge of armed robbery based on the same act. *See, e.g., Blondes v. State,* 273 Md. 435, 445, 330 A.2d 169 (1975); *Brown v. State,* 367 So. 2d 616, 620-621 (Fla. 1979); *Ray v. State,* 231 So. 2d 813, 814-815 (Fla. 1969); *State v. Taylor,* 22 Wash. App. 308, 589 P.2d 1250, 1252-1253 (1979). However, the fact that jeopardy has attached with regard to an offense does not automatically mean that retrial is precluded in all circumstances. In some situations, "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." *Illinois v. Somerville,* 410 U.S. 458, 93 S. Ct. 1066, 1072, 35 L. Ed. 2d 425 (1973).

Under circumstances like those in the case at bar, we believe that a defendant can ordinarily be retried on the greater charge whether or not "jeopardy" is deemed to have attached to that charge at the first trial. This would be true even if the greater charge had formally been nolle prossed at the conclusion of the first proceeding. Moreover, although we agree with the court below concerning the nature of a plea bargain in this situation, we think that the defendant could have been retried for armed robbery regardless of whether the original guilty plea to simple robbery was the product of a negotiated plea agreement.

In our view, this case is controlled by the principle of

*United States v. Ball,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896). Recently in *Parks v. State,* 287 Md. 11, 15, 410 A.2d 597, 600 (1980), Judge Cole pointed out for the Court: "Since *United States v. Ball* . . . was decided, it has been settled that the . . . protection [against double jeopardy] imposes no limitation upon the power of a competent tribunal to retry a defendant who has succeeded in getting his first conviction set aside." After reviewing the facts and holding in *United States v. Ball,* Judge Cole continued in *Parks* (287 Md. at 16, emphasis supplied):

> "*Ball,* then, makes clear that a defendant who successfully challenges his conviction may be retried by a court of competent jurisdiction, the rationale being that *the defendant wiped the slate clean and the parties may start anew.* Not only is the right of the defendant to an error-free trial protected but the societal interest that the guilty should be punished is preserved."

The reasons for the *Ball* principle were detailed in *United States v. Tateo,* 377 U.S. 463, 466, 84 S. Ct. 1587, 1589, 12 L. Ed. 2d 448 (1964):

> "While different theories have been advanced to support the permissibility of retrial, of greater importance than the conceptual abstractions employed to explain the *Ball* principle are the implications of that principle for the sound administration of justice. Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage

if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest."

Later, in *North Carolina v. Pearce, supra,* 395 U.S. at 719-721, the Supreme Court stated (emphasis supplied):

"At least since 1896, when *United States v. Ball,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300, was decided, it has been settled that this constitutional guarantee [against double jeopardy] imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside. . . .

"Although the rationale for this 'well-established part of our constitutional jurisprudence' has been variously verbalized, it rests ultimately upon the premise that *the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean.* As to whatever punishment has actually been suffered under the first conviction, that premise is, of course, an unmitigated fiction . . . . But, so far as the conviction itself goes, and that part of the sentence that has not yet been served, it is no more than a simple statement of fact to say that the slate *has* been wiped clean. . . ."

*See also United States v. Scott,* 437 U.S. 82, 89-91, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978); *Burks v. United States,* 437 U.S. 1, 13, 98 S. Ct. 2141, 2148-2149, 57 L. Ed. 2d 1 (1978); *United States v. Wilson,* 420 U.S. 332, 343-344, 95 S. Ct. 1013, 1022, 43 L. Ed. 2d 232 (1975); *Chaffin v. Stynchcombe,* 412 U.S. 17, 23-24, 93 S. Ct. 1977, 1981, 36 L. Ed. 2d 714 (1973); *United States v. Ewell,* 383 U.S. 116, 121, 86 S. Ct. 773, 777, 15 L. Ed. 2d 627 (1966).

We recognize that the principle of *United States v. Ball* has normally been dealt with by the Supreme Court in the context of a retrial with regard to the *identical* charge on

which the defendant was previously convicted. The Court has not expressly considered the applicability of the *Ball* principle under circumstances like those in the present case, to permit a retrial on a *different* charge (whether or not that different charge is "deemed" the same offense under the required evidence test of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). Nevertheless, we agree with the great majority of state courts and lower federal courts which have held that, when a defendant succeeds in getting his conviction set aside, under circumstances like those in the instant case, ordinarily he may be retried on all of the charges in the original indictment which were not factually resolved, either expressly or implicitly.[3] The rationale underlying the

---

**3.** *See, e.g.,* Moore v. Foti, 546 F.2d 67 (5th Cir. 1977); United States v. Williams, 534 F.2d 119 (8th Cir. 1976), *cert. denied,* 429 U.S. 894, 97 S. Ct. 255, 50 L. Ed. 2d 177 (1976); United States v. Anderson, 514 F.2d 583, 586-588 (7th Cir. 1975); Harrington v. United States, 444 F.2d 1190, 1193-1194 (5th Cir. 1971); United States ex rel. Williams v. McMann, 436 F.2d 103 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S. Ct. 1396, 28 L. Ed. 2d 656 (1971); United States v. Wells, 430 F.2d 225 (9th Cir. 1970); Ward v. Page, 424 F.2d 491 (10th Cir. 1970), *cert. denied,* 400 U.S. 917, 91 S. Ct. 178, 27 L. Ed. 2d 157 (1970); United States v. Myles, 430 F. Supp. 98, 101-102 (D.D.C. 1977), *aff'd,* 569 F.2d 161 (D.C. Cir. 1978); Harris v. Anderson, 364 F. Supp. 465 (W.D.N.C. 1973); Clark v. State, 294 Ala. 485, 318 So. 2d 805 (1974), *cert. denied,* 423 U.S. 937, 96 S. Ct. 298, 46 L. Ed. 2d 270 (1975); People v. Hill, 12 Cal. 3d 731, 769, 528 P.2d 1, 117 Cal. Rptr. 393, 422 (1974), *partially overruled on other grounds,* People v. De Vaughn, 18 Cal. 3d 889, 558 P.2d 872, 875 n. 5, 135 Cal. Rptr. 786 (1977); In re Sutherland, 6 Cal. 3d 666, 672, 493 P.2d 857, 100 Cal. Rptr. 129 (1972); Brown v. State, 367 So. 2d 616, 623 (Fla. 1979); State v. Russo, 299 So. 2d 40 (Fla. App. 1974), *cert. denied,* 312 So. 2d 746 (1975); Commonwealth v. Therrien, 359 Mass. 500, 269 N.E.2d 687 (1971); State v. Rhein, 117 N.J. Super. 112, 283 A.2d 759, 763 (1971); People v. Wolfson, 32 A.D.2d 813, 302 N.Y.S.2d 217 (1969); People v. Cignarale, 110 N.Y. 23, 17 N.E. 135, 142-143 (1888); State v. Asimakis, 86 S.D. 339, 195 N.W.2d 407, 408 (1972); State v. Johnson, 218 Tenn. 433, 404 S.W.2d 244 (1966); State v. Taylor, 22 Wash. App. 308, 589 P.2d 1250 (1979).

The only court which had flatly taken a contrary position on double jeopardy grounds, and only when the guilty plea was to a lesser included offense, was apparently the United States Court of Appeals for the Sixth Circuit. *See* United States v. Smith, 584 F.2d 759, 761-762 (6th Cir. 1978), *cert. denied,* 441 U.S. 922, 99 S. Ct. 2030, 60 L. Ed. 2d 395 (1979); Rivers v. Lucas, 477 F.2d 199 (6th Cir. 1973), *vacated on other grounds,* 414 U.S. 896, 94 S. Ct. 232, 38 L. Ed. 2d 139 (1973); Mullreed v. Kropp, 425 F.2d 1095 (6th Cir. 1970). However, in Hawk v. Berkemer, 610 F.2d 445 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit overruled its prior cases and adopted the same position as the other appellate courts on this issue.

A few state courts have taken a contrary position, although not on double jeopardy grounds. People v. Dugan, 15 Ill. App. 3d 1071, 305 N.E.2d 308

*Ball* principle, and the reasoning of the cases dealing with that principle, clearly lead to this conclusion.

In the present case, the conviction on the charge of simple robbery was completely intertwined with the armed robbery charge. Because of the accepted guilty plea to simple robbery, the armed robbery charge was not submitted for adjudication on its merits. The accepted guilty plea to simple robbery was the operative event which disposed of the armed robbery charge as well as the simple robbery charge. Because the defendant successfully challenged the guilty plea, thereby undermining the basis for the disposition of the simple robbery charge, he can under *Ball* be retried for simple robbery. Since the same guilty plea in effect was the basis for the disposition of the armed robbery charge, it would follow that the defendant's overturning the guilty plea similarly wipes out the disposition of the armed robbery count. As previously mentioned, the Supreme Court in *North Carolina v. Pearce, supra,* 395 U.S. at 721, stated that the rationale for the *Ball* principle "rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." Here, the foundation for the original disposition of both the simple robbery and the armed robbery charge has, at the defendant's behest, been wholly nullified. If the slate is to be "wiped clean," the defendant should be subject to retrial on both charges.

As pointed out in *United States v. Tateo, supra,* 377 U.S. at 466, the rule of *United States v. Ball* is also grounded upon fairness in the administration of justice, considering the interests of the public as well as those of the defendant. It would not be consistent with the fair administration of justice to limit the retrial, in the circumstances of the present case, to the lesser charge. The defendant escaped prosecution and a verdict on the armed robbery charge only by pleading guilty to simple robbery. Even in the absence of an express plea bargain, this is the implicit arrangement

(1973); People v. Thornton, 403 Mich. 389, 269 N.W.2d 192 (1978); People v. McMiller, 389 Mich. 425, 208 N.W.2d 451, *cert. denied,* 414 U.S. 1080, 94 S. Ct. 599, 38 L. Ed. 2d 486 (1973).

when a court accepts a guilty plea to a lesser offense and the more serious charge is not submitted to the trier of facts. To immunize such a defendant from prosecution on the greater charge, while at the same time permitting a rescission of the guilty plea, would be to allow the defendant to repudiate the arrangement while at the same time retain its benefits. It would allow him to overturn his conviction on the lesser charge on the theory that there really was no guilty plea, because the "plea" was not shown to be voluntary, but inconsistently rely upon the existence of the guilty plea as a bar to prosecution on the greater charge. This is neither sound logic nor even-handed administration of justice.[4]

The reasoning in Supreme Court opinions, particularly *Green v. United States,* 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957), which is relied on by the defendant here, supports the view that the *Ball* rule is applicable under the facts of this case to permit retrial on the armed robbery count. *Green,* involving an entirely different situation from that here, is a case dealing with the applicability of the *Ball* principle to the matter of retrial on a greater charge than the charge on which the defendant was previously convicted. In *Green,* the defendant was indicted on two counts for arson and first degree murder. The jury was instructed that it could find Green guilty of arson under the first count, and of either first or second degree murder under the second count.

---

4. For these same reasons, we reject the defendant's alternate suggestion that we adopt his position as a matter of state criminal law policy. The only court which has done so, to our knowledge, is the Supreme Court of Michigan. The grounds for the Michigan court's view were set forth in People v. McMiller, *supra,* 208 N.W.2d at 453, as follows:

"Allowing trial on a higher charge following reversal of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny noncompliance with the guilty plea procedure established by the statute and the court rule."

With regard to the second ground, the danger foreseen by the Michigan court is unlikely to occur, at least in this state. There has been no scarcity in appellate opportunities to review compliance with the guilty plea procedure set forth in our rules. If anything, the problem has been too many appellate cases involving the issue. As to the first reason offered by the Michigan court, we believe that any danger of discouraging the right to appeal convictions based on guilty pleas claimed to be improperly accepted, if such a danger exists, is clearly outweighed by the reasons delineated above for permitting retrial on all of the original charges.

Green was found guilty of arson and second degree murder, but the jury's verdict was silent on the first degree murder charge. After Green's second degree murder conviction was subsequently reversed, he was tried again on the second count of the indictment and found guilty of first degree murder. In holding that the retrial and conviction for first degree murder was a violation of the Fifth Amendment's double jeopardy clause, the Supreme Court initially discussed the *Ball* principle that a defendant who obtains reversal of a conviction by his own appeal can be retried, 355 U.S. at 189. The Court then distinguished the case before it from the typical situation where retrial is permitted under *Ball,* pointing out that at the "new trial Green was tried again, not for second degree murder, but for first degree murder, even though *the original jury had refused to find him guilty on that charge." (Id.* at 190, emphasis supplied.) The Supreme Court went on to set forth two reasons why Green's second trial for first degree murder violated the double jeopardy prohibition. First, the Court held that the jury's refusal to convict Green of first degree murder constituted an implicit acquittal on that charge (*ibid.*):

> "Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder. . . ."

The second reason for the conclusion in *Green* was stated as follows (*id.* at 190-191, emphasis supplied):

> "But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, *the jury was*

*dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. Wade v. Hunter, 336 U.S. 684, 69 S. Ct. 834, 93 L. Ed. 974. In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.' "*

The basis on which the Court in *Green* distinguished that case from *Ball,* and the reasons set forth in *Green* for precluding retrial on the greater charge, suggest that the *Ball* principle, rather than the holding in *Green,* controls the situation in the case at bar. Thus, in initially pointing out that *Green* differed from the typical case of retrial after appeal, the Supreme Court referred to the fact that the first jury had refused to find the defendant guilty of the greater charge. And the first reason given in *Green* for the double jeopardy holding was that this refusal by the jury constituted an implicit acquittal. In the instant case, however, there was no refusal by the trier of facts to find the defendant guilty of armed robbery. The charge was never submitted to the trier of facts. The defendant was not "forced to run the gantlet" on the greater charge. Consequently, there is no basis for viewing the absence of an armed robbery conviction as an implied acquittal. The second reason for the *Green* holding is likewise inapplicable here. The Court in *Green* relied on the fact that the jury, "given a full opportunity to return a verdict," was nevertheless dismissed without returning a verdict on the greater charge "and without Green's consent." 355 U.S. at 191. In the present case, on the contrary, the trier of facts was not given an

opportunity to return a verdict and was not dismissed without the defendant's consent. Instead, it was the defendant's own act, in pleading guilty to the lesser charge, which prevented submission of the greater charge to the trier of facts.

Subsequent Supreme Court opinions applying the *Green* holding are also based on the same reasoning set forth in *Green,* and do not in any measure support the position of the defendant here. *See Price v. Georgia,* 398 U.S. 323, 329, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970) ("The concept of continuing jeopardy implicit in the *Ball* case . . . [does not apply] after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense *when the jury was given a full opportunity to return a verdict on the greater charge."* ) (emphasis added); *Benton v. Maryland,* 395 U.S. 784, 796, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969) (an express acquittal on a different charge). Although in a different context, involving the Government's right to appeal under the Double Jeopardy Clause, what was recently said in *United States v. Scott, supra,* 437 U.S. at 98-99, is very instructive:

> "We think that in a case such as this the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. We do not thereby adopt the doctrine of 'waiver' of double jeopardy rejected in *Green.* Rather, we conclude that the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice. In *Green* the question of the defendant's factual guilt or innocence of murder in the first degree was actually submitted to the jury as a trier of fact; in the present case, respondent successfully avoided such a submission of the first count of the indict-

ment by persuading the trial court to dismiss it on a basis which did not depend on guilt or innocence. He was thus neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to try him."

The Court thus distinguished *Scott* from *Green* on the ground that, in *Green,* the question of the defendant's factual guilt or innocence was actually submitted to the trier of facts, whereas in *Scott,* it was the defendant's own act which caused a termination of the proceedings on grounds unrelated to factual guilt or innocence and prevented this factual issue from being submitted to the jury. The Court clearly viewed the *Green* exception to the principle of *United States v. Ball* as limited to the situation where the merits of the greater offense were submitted to the jury for resolution. In the instant case, the merits of the armed robbery count were not submitted to the trier of facts. When the defendant obtained a reversal of the conviction on the lesser charge, the Supreme Court cases would indicate that he could be retried on all parts of the original indictment not submitted to the trier of facts for resolution.[5] Consequently, the defendant's retrial on the armed robbery charge was permissible.[6]

### (2)

The defendant further contends that even if he could be retried for armed robbery, he could not properly receive a

---

**5.** Although not dealing with the double jeopardy prohibition, the opinions in Santobello v. New York, 404 U.S. 257, 263 n. 2, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), and Miller v. State, 272 Md. 249, 255-256, 322 A.2d 527 (1974), are also relevant. It was there held that where the prosecution breached a plea bargain, entitling the defendant to rescind his guilty plea, if the defendant elected to rescind the guilty plea then "he will have to plead anew to *all* of the original charges, including those which the State had nol prossed." *Miller,* 272 Md. at 256.

**6.** The cases have suggested or recognized some limitations to this rule under certain circumstances, none of which are present in the case at bar. *See, e.g.,* Harrington v. United States, *supra,* 444 F.2d at 1193-1194; People v. Collins, 21 Cal. 3d 208, 577 P.2d 1026, 1030, 145 Cal. Rptr. 686 (1978); State v. Satterlee, 58 Wash. 2d 92, 361 P.2d 168, 170 (1961).

sentence for that offense which exceeded the sentence previously imposed for simple robbery. He relies upon *North Carolina v. Pearce, supra.* There, the defendant Pearce had successfully overturned, in a post conviction proceeding, his conviction of assault with intent to rape, was retried, and was given a sentence for that *identical* offense which was longer than the sentence originally imposed. In the companion case to *Pearce, Simpson v. Rice,* the defendant Rice pleaded guilty to four charges of burglary and was sentenced to an aggregate of ten years' imprisonment. His convictions were later overturned in a state *coram nobis* proceeding, and he was retried and convicted on three of the same charges. Rice received a prison term which was approximately three times as severe as his first sentence. The Court stated in its *Pearce* opinion that under the Due Process Clauses, "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725. Recognizing the difficulty of showing vindictiveness, the Court held that due process principles required the following protective procedure (395 U.S. at 726):

> "In order to assure the absence of such a [vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The Supreme Court concluded that the sentencing judges in the two cases before it had failed to offer reasons or justification for the increased punishments. Therefore, the sentences were set aside on due process grounds. 395 U.S. at 726.

In arguing that the trial judge in the present case improperly imposed a more severe sentence upon his conviction for armed robbery, the defendant, in addition to his reliance on *Pearce,* also invokes Code (1974, 1980 Repl. Vol.), § 12-702 (b) of the Courts and Judicial Proceedings Article. This section, which incorporates the language of the *Pearce* opinion almost verbatim, was intended by the General Assembly to codify the *Pearce* due process holding.[7] Acts of 1973, 1st Sp. Sess., Ch. 2, § 1, Revisor's notes. Like *Pearce,* this section prevents the imposition of a more serious sentence upon retrial for the *same* offense except under limited circumstances.

The short answer to the defendant's argument, and the answer given by other courts to similar contentions, is that the sentence at the second trial was not for the same offense as the earlier sentence.[8] The longer sentence was imposed because of the conviction for a more serious crime, armed robbery. As stated by the United States Court of Appeals for the Second Circuit in *United States ex rel. Williams v. McMann,* 436 F.2d 103, 105 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S. Ct. 1396, 28 L. Ed. 2d 656 (1971):

> "Williams rather simplistically urges us to apply the *Pearce* rule to vacate his second sentence, because it recites no such justification. But Williams's straightforward argument overlooks the glaring fact that Judge Gale's sentence was imposed upon conviction for a more serious crime. Given this complete and obvious explanation for the longer

---

7. Section 12-702 (b) provides:

"If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper judgment or sentence, or conduct a new trial, and if there is a conviction following this new trial, the lower court may impose any sentence authorized by law to be imposed as punishment for the offense. However, it may not impose a sentence more severe than the sentence previously imposed for the offense unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon objective information concerning identifiable conduct on the part of the defendant occurring after the original sentence was imposed; and

(3) The factual data upon which the increased sentence is based appears as a part of the record."

8. See n. 1, *supra.*

sentence, we see no need to demand the type of justification ordered in *Pearce*. . . . To view Williams's longer sentence with a presumption of vindictiveness would be an illogical application of the salutary *Pearce* rule to a situation far removed from the problem for which it was designed."

*See also, e.g., Martinez v. Estelle,* 527 F.2d 1330, 1331-1332 (5th Cir. 1976), *cert. denied,* 429 U.S. 924, 97 S. Ct. 325, 50 L. Ed. 2d 292 (1976); *State v. Taylor,* 22 Wash. App. 308, 589 P.2d 1250, 1254 (1979).

The Legislature has prescribed a maximum punishment of ten years' imprisonment for simple robbery, Art. 27, § 486. However, because it has viewed robbery with a dangerous or deadly weapon as substantially more serious, the Legislature prescribed a twenty-year maximum punishment for armed robbery, Art. 27, § 488. Unlike the situation in *North Carolina v. Pearce,* a sentence for armed robbery which exceeds a sentence previously imposed for only simple robbery, is prima facie justified by the legislative policy. Under these circumstances, in our view, the longer sentence should not be held to violate the due process principles delineated in *Pearce* unless the defendant affirmatively shows that it was imposed out of vindictiveness or in retaliation for his prior appeal. The record in the case before us contains no such showing. On the contrary, the trial judge's comments at the time of sentencing demonstrate that the increased sentence was imposed because of the conviction for a more serious crime, because the defendant not only threatened his robbery victim with a knife but stabbed him causing serious injuries, and because of the defendant's prior extensive criminal record including a murder conviction. The defendant's twenty year sentence for armed robbery in this case was not in violation of either due process or statutory requirements.

*Judgment affirmed.*
*Petitioner to pay costs.*