Hyman Barshay, J.
On April 16,1958, the defendant Pariser was convicted after trial by jury of the crimes of robbery in the first degree, assault in the second degree and petit larceny. On May 19, 1958 he was sentenced as a third felony offender to Sing Sing Prison for a term of not less than 30 and not more than 60 years (Leibowitz, J.). The judgment of conviction was affirmed by the Appellate Division (8 A D 2d 825) and by the Court of Appeals (7 N Y 2d 779).
On January 21,1965 this court received Pariser’s coram nobis application for a collateral hearing on the authority of Jackson v. Denno (378 U. S. 368) and People v. Huntley (15 N Y 2d 72), in which he alleged that at his trial involuntary confessions were introduced in evidence against him. On consent of the District Attorney the defendant was granted a hearing and by decision dated June 24, 1965, the court held that “ The People having failed to prove beyond a reasonable doubt that the two so-called ‘ station house ’ confessions were voluntarily made, the conviction must be set aside and a new trial is ordered. The defendant is not entitled upon this application to a dismissal of the indictment because the trial record reveals that there is other and allegedly valid evidence to establish a prima facie case against this defendant.” (People v. Pariser, N. Y. L. J., June 29, 1965, p. 13, col. 8.)
The defendant now moves for an inspection'of the Grand Jury minutes or for a dismissal of the indictment, contending that ‘ ‘ on the basis of the trial record and all papers and proceedings had herein, deponent verily believes that the confession which Mr. Justice Leibowitz held involuntary was the same evidence adduced before the grand jury, upon which the instant indictment was returned. It is, therefore, submitted that the instant indictment is based upon an unconstitutional confession and should be dismissed.”
Section 544 of the Code of Criminal Procedure provides that ‘ ‘ When a new trial is ordered, it .shall proceed in all respects as if no trial had been had. ’ ’
The court records reveal that Pariser, prior to judgment, failed to move to inspect the Grand Jury minutes or to dismiss the indictment upon the ground that it had been found upon insufficient evidence. While that judgment was in full force and effect, he waived such objection (People v. Willett, 213 N. Y. 368; People v. Giordano, 114 Misc. 62, affd. 231 N. Y. 633). However, the judgment of conviction having been set aside and a new trial ordered, the defendant may now move to dismiss the indictment.
*729 In People v. Nitzberg (289 N. Y. 523, 530-531) the court stated: “ The defendant while held for a second trial after the •judgment of conviction rendered at the first trial was reversed, had the same right to challenge the sufficiency and regularity of the accusation that he had before the abortive trial. He has a right to demand that an accusation, made upon insufficient evidence, be set aside so that he may not be tried upon an indictment ‘ found irregularly. ’ * * * By failure to move to set aside the indictment before such judgment the defendant lost the right to attack the indictment while he was detained by virtue of the judgment. He did not by such failure waive the right to move to dismiss the indictment when the judgment was set aside. ’ ’
However, the fact that the judgment of conviction has been set aside and a new trial has been ordered, does not give the defendant any greater rights than that which he had before the first trial. ‘ In other words, he may have the indictment set aside only if on its face the record before the grand jury reveals that the evidence did not spell out a prima facie case of guilt. (See, e.g., People v. Donahue, 309 N. Y. 6, 7; People v. Sweeney, 213 N. Y. 37, 44, 45-46). * * * Any defense which a defendant may have, any taint that a defendant may be able to show with respect to evidence adduced, not apparent in the grand jury minutes, must be offered at the trial for the appraisal and decision of the [trial] jury. A court has no alternative but to deny a motion to set aside an indictment on the ground that there was insufficient evidence before the grand jury, when that body has acted upon evidence sufficient “ if unexplained or uncontradicted ” (Code Crim. Pro., § 258 [renum. § 251]), to warrant a conviction by the trial jury.’ ” (People v. Caminito, 3 N Y 2d 596, 599-600.)
The evidence presented to the Grand Jury consists of the testimony of the complainant that he was robbed and testimony by a police officer of a confession of the commission of the crimes charged made by the defendant. This evidence was sufficient to warrant the finding of the indictment (Code Crim. Pro., § 251). “ That being so, the indictment is immune from attack on a motion such as here made.” (People v. Caminito, supra, p. 600.)
The motion is in all respects denied.