■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS FULLER, Appellant.—Judgment of the Supreme Court, Bronx County, entered June 24, 1977, convicting defendant of the crime of robbery in the first degree (two counts) and imposing under each count an indeterminate sentence of not less than 3 nor more than 20 years to be served concurrently, unanimously reversed, on the law and the facts, and the indictment dismissed. At the *Wade* hearing, defendant challenged the ability of the sole identifying witness, Mrs. Cruz, to make an in-court identification of defendant at trial. The hearing court ruled that although the showup of a single photograph to the witness was impermissibly suggestive, there nevertheless was an independent source for an in-court identification by her of defendant. Whether such a basis existed is the issue before us. Mrs. Cruz testified at the hearing that on February 8, 1976 at about 8:30 P.M., she was robbed in her grocery store by three Black men carrying weapons, one of whom, defendant, pointed a gun at her. The robbery lasted 5 to 10 minutes, during which $400 was stolen. She was interviewed by the police later in the evening after the robbery and described this robber as 38 years old. The next day she provided a further description of the robber to Detective Acosta. On cross-examination she described the robber's appearance at the time of the robbery as 20 to 28 to 30 years old, 160 to 170 pounds, and with a space between his teeth. Detective Acosta testified at the hearing that on

the day after the robbery Mrs. Cruz described defendant to him (Detective Acosta) as a Black male, approximately 28 years old, six feet tall, 170 pounds, black hair, clean shaven, medium complexion, wearing a dark grey short coat and carrying a silver gun. It further appears from the hearing testimony that on March 31, 1976, Officer Stark of the Warrant Squad went to the Cruz store. This store was the nearest address to the one provided in a warrant the officer had for defendant. The officer was looking for defendant on an unrelated burglary charge. When shown defendant's picture, Mrs. Cruz told the officer that the person depicted on the photograph was one of the persons who had robbed her. The following day, April 1, 1976, Detective Acosta went to the Cruz store and showed Mrs. Cruz an array of six pictures. She selected defendant's picture. This was not the same photograph Officer Stark had shown her. Defendant was arrested on May 25, 1976. No lineup was held. Although single photographic arrays are not per se impermissible (Manson v Brathwaite, 432 US 98), their use is scrutinized with care. Here, the hearing court found that the single photographic display was impermissibly suggestive—a conclusion that appears to be contested. Nevertheless, it is the position of the District Attorney that Mrs. Cruz' in-court identification of defendant is based on her independent recollection. It is the burden of the People to prove by clear and convincing evidence that the in-court identification has in fact an independent basis (see People v Ballott, 20 NY2d 600). The People have not sustained this burden. To establish an independent basis for the in-court identification, it is necessary for the People to demonstrate that the proffered in-court identification is "reliable" (Manson v Brathwaite, supra). One of the factors in determining reliability is "the accuracy of [the witness'] prior description of the criminal" (Manson v Brathwaite, supra, p 114). In this case, the ability of Mrs. Cruz to provide an in-court identification of defendant failed to meet that test. As aforestated, in the evening of February 8, 1976, after the robbery, Mrs. Cruz told the police that the robber looked 38 years old. On the day after the robbery, she described the robber as approximately 28 years old, weighing 170 pounds. In her hearing testimony, she described defendant's appearance at the time of the robbery as 20 to 28 to 30 years old, 160 to 170 pounds. Although the record does not contain a specific statement of defendant's physical characteristics at the time of the Wade hearing or trial, it is clear from the testimony of Mrs. Fuller, defendant's mother, and statement of defense counsel, which were not controverted, that defendant was then 17 years of age and weighed about 100-105 pounds. Notwithstanding the substantial discrepancies between Mrs. Cruz' prior identification of defendant and his physical characteristics during these proceedings (he was present in court), the hearing court found that the in-court identification had an independent basis. We disagree with that finding. In view of the disparities described, we are not convinced that the single photograph shown to Mrs. Cruz by Officer Stark, bolstered by the photograph in the array of Detective Acosta, did not contribute to "a very substantial likelihood of irreparable misidentification" (Simmons v United States, 390 US 377, 384). It may very well be that the single photograph left an indelible impression on the mind of Mrs. Cruz, so that in fact there was no independent basis for an in-court identification of defendant by Mrs. Cruz. Parenthetically, it is to be noted that cross-examination at the pretrial hearing elicited disclosure that Mrs. Cruz, while in her store, had been robbed on three additional occasions. Undoubtedly, these other robberies, too, leave open to question her ability to describe accurately each of the participants in the robbery before us. Hence it cannot be said that the

People met their burden to establish by clear and convincing evidence, the ability of Mrs. Cruz to make an in-court identification based on her independent recollection. (See *People v Ballott*, 20 NY2d 600, *supra; United States v Wade*, 388 US 218, 240.) In so ruling to suppress this identification, we are not unmindful of the fact that Mrs. Cruz testified she saw defendant clearly during the 5 to 10 minutes the robbery took place. A further observation is appropriate. We have examined the entire record of the hearing and trial. Although defendant has not made any claim as such that the People have failed to prove defendant's guilt beyond a reasonable doubt, we would be inclined also to reverse the conviction and dismiss the indictment on that ground. On this record, where conviction rests solely upon the unsupported and questionable recollection of Mrs. Cruz, the proof failed to establish defendant's identity as one of the robbers in the February 8, 1976 robbery beyond a reasonable doubt. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.