■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL C. HODGE, Appellant.—Appeal from judgments of the County Court of Schenectady County, rendered June 5, 1979, upon a verdict convicting defendant of the crime of escape in the first degree, and convicting defendant upon his plea of guilty of the crime of burglary in the third degree. On this appeal, defendant makes four contentions, all of which are lacking in substance. Initially, it is clear that defendant's guilt on the escape charge was proved beyond a reasonable doubt. Not only was defendant unaccountably absent from the Schenectady County Jail on February 5, 1979, but a dummy was discovered in his bunk at the jail. Most significantly, defendant himself testified that he left the jail on the morning of February 5, 1979 through a hole made in the bars on a fourth floor window. Similarly, defendant's conviction need not be reversed because he appeared without counsel on February 14, 1979 in the Town Court of the Town of Princeton at a preliminary hearing whereat it was determined that reasonable grounds existed to hold defendant for Grand Jury action upon a charge of escape in the first degree. The conduct of this hearing did not serve to deprive defendant of his freedom because he was already being held upon the burglary charge to which he ultimately pleaded guilty. Also, it appears that defendant's attorney was advised of the hearing and had ample opportunity to be present, and his absence therefrom is unexplained. Significantly, it is likewise clear that the prosecution obtained no inculpatory statements or other damaging evidence against defendant as a result of the hearing and that defendant was not otherwise prejudiced because of the conduct of the hearing. Under these circumstances, we find that this case is distinguishable on the facts from the situation presented in *People v Samuels* (49 NY2d 218), where a confession was obtained from the defendant in the absence of

his counsel after a felony complaint had been filed in court. The court, likewise, did not err in denying defendant's motion to produce certain witnesses then confined in the Clinton Correctional Facility and the Schenectady County Jail. The moving papers in support of this motion contain only vague and general allegations and nothing which indicates that the proposed witnesses possessed information material to the prosecution of defendant (see CPL 630.10). Moreover, in view of defendant's own highly inculpatory testimony cited above, he was plainly not prejudiced by the denial of the subject motion. Defendant was sentenced to terms of imprisonment of three to six years on the burglary conviction and one and one-half to three years on the escape conviction. Both sentences were to run consecutively with each other and with any unserved time previously imposed upon defendant. These were proper and should not be disturbed. A reading of the record indicates that defendant was sentenced in accordance with an agreement reached between his attorney and the prosecution. Additionally, the court could properly make the present sentences consecutive to any unserved time on defendant's earlier sentence for his 1975 grand larceny conviction because defendant had received an indeterminate sentence upon his 1975 conviction, and, therefore, section 70.35 of the Penal Law is inapplicable to his present situation. Judgments affirmed. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.