■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEE
BALL, Appellant. — Appeals by defendant from two judgments of the County
Court, Westchester County (Donovan, J.), both rendered April 6, 1981, convict-
ing him of robbery in the first degree (two counts), upon his pleas of guilty, and
imposing sentences. Judgments affirmed. By judgment rendered May 15, 1979,
defendant was convicted, after a jury trial, of two counts of robbery in the first
degree. We reversed that judgment and ordered a new trial (*People v Ball,* 77
AD2d 625). Defendant thereafter pleaded guilty. On these appeals, defendant
challenges the denial of his motions to suppress physical evidence and any in-
court identifications. He also claims that he was deprived of effective assis-
tance of counsel as he was purportedly advised that he was not entitled to *de
novo* pretrial hearings. We reject these arguments and affirm. Although
defendant failed to challenge the suppression rulings on the prior appeal, we
may review them at this juncture (see *People v Blake,* 35 NY2d 331, 334-335).
Nonetheless, we find no reversible error. We have examined the photographic
array and find that it is in no way suggestive. All of the subjects have similar
builds and moustaches. Moreover, there is ample evidence to support a finding
that any in-court identifications would have had an independent source
(*People v Tillman,* 74 AD2d 911). In addition, the search for and seizure of the
weapon was proper as the People overwhelmingly established at the pretrial

hearing that the defendant's girlfriend gave her consent to the search (*People v Cosme,* 48 NY2d 286, 290). Nor was the defendant deprived of effective assistance of counsel in any sense. Although the trial court has discretion to reopen a suppression hearing (CPL 710.40, subd 2; *People v Fuentes,* 53 NY2d 892) or permit defendant to make a suppression motion for the first time after an appellate court has remitted the case for a new trial (*People v Cohen,* 58 NY2d 844, 846), absent newly discovered evidence or a contrary directive in the order remitting the case for a new trial, there is no right to *de novo* suppression hearings (see CPL 710.40, subd 1; 255.20, subd 1; 470.45; *People v Rice,* 35 NY2d 656, 657). Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.