■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE ARTHUR MILLER, JR., Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: In an appeal from his conviction for first degree robbery (Penal Law, § 160.15), defendant assigns

several errors, two of which require reversal. ¶ First, following the filing of a felony information and defendant's arrest pursuant to a warrant, Lewis County deputy sheriffs engaged in general questioning which resulted in defendant leading them to the location of the gun used in the robbery and the money that was stolen from a Convenient Store. Defendant's indelible right to counsel had attached (see *People v Samuels,* 49 NY2d 218), and his interrogation by the deputies in the absence of counsel was impermissible. Therefore, the testimony of the deputies concerning defendant's statements, as well as the gun and the money, should have been suppressed. ¶ Further, prior to defendant's apprehension, an eyewitness was shown defendant's identification card, bearing his name and photograph. The court erred in its determination that this photographic identification procedure was not suggestive (see *People v Fuller,* 71 AD2d 589; *People v Leonard,* 66 AD2d 805). Prior to the retrial, a further hearing should be held to determine whether, despite the suggestiveness of the photographic identification, the witness had an independent basis for her in-court identification (see *People v Adams,* 53 NY2d 241). ¶ We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Lewis County, Lynch, J. — robbery, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.