OPINION OF THE COURT
Meyer, J.
That a heavier sentence is imposed following trial than was imposed following defendant’s earlier conviction, thereafter reversed, of first degree rape based on his guilty plea, involves no violation of defendant’s right to due process or to confront the witnesses against him, it having been stated during both sentencing proceedings that the lesser sentence following the guilty plea was imposed to spare the victim the necessity of recounting the experience at a public trial. Nor did the reversal of the guilty plea conviction entitle defendant to relitigate the issue of suggestiveness decided against him prior to that conviction, and the hearing judge’s finding of independent source, affirmed by the Appellate Division, was based upon sufficient evidence. The order of the Appellate Division should, therefore, be affirmed.
I
As the rape victim, a 21-year-old nursing student, turned into her driveway at 12:15 a.m., her car was hit in the rear by a vehicle driven by defendant. During the exchange of information that ensued, defendant abducted the victim at knifepoint and drove off with her in the car. For the next four hours defendant and his victim were together as he drove around at *506 high speeds, ultimately found a seldom used road and, with the knife at her neck and head, forced her to remove her clothing and submit to intercourse with him, followed by further driving around until defendant finally left the vehicle.
About a month thereafter the District Attorney sought, but was denied, an order requiring defendant to appear in a lineup, in connection with which defendant was represented by the Public Defender. Indictment, about a year later, was followed by a combined Huntley-Wade hearing at which defendant argued that his statement to the police, having been made in the absence of counsel, should be suppressed and that the victim should not be permitted to make an in-court identification because the showing to her on five separate occasions of a photo array tainted the identification process.
The hearing judge refused to suppress defendant’s statement and ruled that the array was not suggestive and that the victim, having been with defendant for over four hours, clearly had an independent source and, therefore, would be permitted to make an in-court identification. Defendant then pleaded guilty to rape in the first degree, which carries a maximum sentence of 8V3 to 25 years. As part of the plea negotiations, sentence to an indeterminate term of 4 to 12 years was recommended by the prosecutor and agreed to, subject to the probation report, by the judge, both of whom indicated that the 4 to 12 year sentence was agreed to rather than require the victim to “recount the horror [she] went through.”
On appeal, the Appellate Division reversed and vacated the plea for failure to suppress the statement made by defendant in the absence of the Public Defender (76 AD2d 576), but held defendant’s identification contentions to be without merit (id., at p 586), and on appeal to this court we affirmed (54 NY2d 616). After a lineup was held the victim, whose responses to the prior photo array showings had been that the photograph of defendant looked like her assailant but that she could not be sure until she saw him, identified defendant positively. Defendant’s attorney then moved to suppress the lineup identification and prohibit in-court identification, once again advancing the argument that the repeated showing of the photo array to the victim tainted the lineup identification as well. The hearing judge limited the hearing to whether the lineup was suggestive and refused to consider the taint issues considered by the first hearing judge. He ruled that both lineup and in-court identifications were permissible.
*507 Convicted after a jury trial of rape in the first degree, defendant was sentenced to an indeterminate term of 7 to 21 years. In imposing sentence the Trial Judge, a different judge than had imposed the earlier sentence after the plea, noted that the prior 4 to 12 year sentence had been agreed to “only because the [victim] would not have to testify at” a public trial and that the consideration failed when defendant, after his successful appeal, went to trial, compelling the victim to testify. On appeal to the Appellate Division, that court, one Justice dissenting, held that the imposition after trial of a heavier sentence involved no due process violation and that the other issues raised by defendant, so far as preserved, lacked merit.
The matter is before us by leave of a Judge of this court. Of the issues raised by defendant, only those relating to the sentence imposed, the second Wade hearing and the in-court identification warrant discussion, and on those issues we conclude that under the circumstances of this case the heavier sentence imposed after trial was constitutionally permissible, limitation of the scope of the second Wade hearing was proper and in-court identification by the victim was properly allowed.
II
Defendant’s arguments respecting sentence are predicated upon the due process clauses of the 14th Amendment to the United States Constitution and the State Constitution, article I, § 6 and the right to be confronted with the witnesses against him contained in the latter section of the State Constitution, in Civil Rights Law § 12 and in the 6th Amendment to the United States Constitution.
A
The due process argument is predicated largely on North Carolina v Pearce (395 US 711), which held that vindictiveness could play no part in resentencing, and particularly upon so much of it as required that a judge imposing a more severe sentence upon a defendant after a new trial, affirmatively state a reason for doing so “based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding” (395 US, at p 726). In a series of cases[1] decided after Pearce, the Supreme Court has sought to separate the situations which will give rise *508 to a presumption of vindictiveness that must be rebutted by the prosecutor or sentencing authority from those which do not and, therefore, require the defendant affirmatively to establish actual vindictiveness. It has also sought to define the factors that a judge or other sentencing authority may consider, without violating the defendant’s constitutional rights, as justifying imposition of an increased sentence following retrial.
What triggers the presumption is the opportunity which the particular situation presents for vindictiveness and the reasonable likelihood that the prosecutor or sentencing authority is improperly motivated by what has occurred (United States v Goodwin, 457 US 368,375,381; Blackledge v Perry, 417 US 21, 27). Thus, a presumption is not warranted when the prosecutor increases the charge after routine pretrial motions have been made because it is unrealistic to assume that a prosecutor will seek to deter such motions by increasing the charge (United States v Goodwin, supra). But when a greater sentence is imposed following retrial after appeal than was imposed after the original trial, the opportunity to retaliate for the successful appeal and to deter others from similar appeals is present and the likelihood that retaliation or deterrence or both constitute the motivation for the additional time required to be served is sufficient to engage the presumption (Wasman v United States, 468 US_, 104 S Ct 3217, 3223; North Carolina v Pearce, supra; Blackledge v Perry, supra). Thus, the presumption applies in the present case.
It is, however, no more than a presumption and may be overcome by evidence that the higher sentence rests upon a legitimate and reasoned basis. The difficulty in evaluating the present case is that the Supreme Court cases involving an initial sentence after plea are distinguishable[2] and the factor upon which the greater sentence is based results from, but is not itself, conduct of the defendant occurring after the original sentence.
Wasman v United States (supra), has, however, substantially clarified the meaning of the Pearce decision language upon *509 which defendant lays so much stress. Although in Wasman, five Justices disagreed with the omission from the Chief Justice’s opinion for the court of reference to the necessity for protecting a defendant against reasonable apprehension of vindictiveness, all of the Justices agreed that the event there involved (conviction between initial trial and sentencing after retrial of an offense committed prior to initial trial) was an event that could properly be considered by the Trial Judge as a ground for enhancing sentence, and all but Justice Stevens concurred in that part of the Chief Justice’s opinion which stated that, “There is no logical support for a distinction between ‘events’ and ‘conduct’ of the defendant occurring after the initial sentencing insofar as the kind of information that may be relied upon to show a nonvindictive motive is concerned.” (468 US, at p_, 104 S Ct, at p 3225.)
The present case involves a similar event, resulting from conduct of the defendant, though not itself such conduct, occurring after the original sentencing — defendant’s election, after his successful appeal, of a jury trial which imposed upon the victim the trauma of publicly reliving the events of the attack. The Supreme Court has recognized in Chaffin v Stynchcombe (412 US 17), “that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process” (412 US, at p 25). Having accepted the exercise of discretion to lower the original sentence in return for a plea in order to protect the victim, the defendant should not be heard to complain that a higher sentence is imposed after conviction following a retrial at which, by requiring that the victim testify, he has removed from consideration the element of discretion involved (see, Morris v Slappy, 461 US 1, 14). In that sense he is “responsible for the conditions which brought about * * * a more severe sentence” (People v Williams, 34 NY2d 657, 658) for, as the judge who sentenced defendant after his jury trial put it, “the consideration for the bargain you received * * * failed when after a successful appeal you went to trial and [the victim was] compelled to testify.”[3] To be borne in mind also is the fact that a different judge presided over the trial and sentencing after trial than took the original plea and imposed *510 sentence on the basis of it, for under those circumstances there is less likelihood of self-vindication or recrimination (State v Sisneros, 101 NM 679, 687 P2d 736; see, Chaffin v Stynchcombe, supra; Colten v Kentucky, 407 US 104), and the chance of improper motivation is, accordingly, reduced.
Finally, as to the due process question, we note that though the issue we consider has not been passed upon by the Supreme Court, the result we reach accords with the weight of Federal and State cases that have considered the question (United States v Cunningham, 529 F2d 884; Thompson v State, 154 Ga App 704, 269 SE2d 474; Sweetwine v State, 288 Md 199, 421 A2d 60; State v Sisneros, 101 NM 679, 687 P2d 736, supra; State v Stubbendick, 110 Wis 2d 693, 329 NW2d 399; see, United States v Lippert, 740 F2d 457; United States v Derrick, 519 F2d 1; United States ex rel. Williams v McMann, 436 F2d 103, cert denied 402 US 914; State v Frank, 344 So 2d 1039 [La]; cf. United States v Whitley, 759 F2d 327; United States v Gilliss, 645 F2d 1269; United States v Floyd, 519 F2d 1031).
B
But, says defendant, so to conclude is inconsistent with the right to confront witnesses against him accorded him by Constitution and statute. The victim did in fact testify, so there has been no actual violation of defendant’s confrontation rights. His argument is, rather, that his right to confrontation is chilled by the apprehension that if, by going to trial after his successful appeal, he required the victim to testify a greater sentence may be imposed. A similar chilling effect argument can also be made with respect to the right, accorded by CPL 710.70 (2), to appeal denial of a motion to suppress after entry of a guilty plea. Five of the nine Justices having concurred in the Wasman disposition in opinions indicating that not only vindictiveness but reasonable apprehension of vindictiveness (i.e., chilling effect) remains a part of the equation, the argument cannot be lightly passed off.
We conclude, however, that there is no constitutional or statutory violation. The Supreme Court has recognized that it is not an unconstitutional burden upon the 6th Amendment right to a jury trial to provide that a defendant found guilty of felony murder after trial must be sentenced to life imprisonment, while a defendant pleading non vult or nolo contendere could be sentenced to either life imprisonment or a lesser sentence, in the discretion of the sentencing judge (Corbitt v New Jersey, 439 US 212). There the court held that “not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid” {id., at p 218). The *511 acceptance of plea negotiation as a legitimate process, in the course of which a defendant may be discouraged from asserting trial rights and forced to choose between the certainty of leniency in return for a plea or a heavier penalty if those trial rights are asserted, involves no constitutional violation (United States v Goodwin, 457 US, at p 378, supra; Corbitt v New Jersey, 439 US, at pp 220-223, supra; Bordenkircher v Hayes, 434 US 357, 363-364; Chaffin v Stynchcombe, 412 US, at pp 31-32, supra). Defendant was made aware as part of the plea bargaining process that the leniency being accorded him involved foregoing both the right to trial and to confrontation of the victim. The possibility of a heavier sentence after trial following his successful appeal did not impermissibly burden his confrontation rights.
Ill
The contention that it was error not to consider at the suppression hearing held after reversal of the original conviction based on defendant’s plea issues litigated and decided during the first preplea suppression hearing and not reversed on appeal is based upon so much of CPL 710.60 (4) as calls for a hearing on a suppression motion, on that part of CPL 470.55 (2) which provides that, “Upon an appellate court order which reverses a judgment based upon a plea of guilty * * * the criminal action is, in the absence of express appellate court direction to the contrary, restored to its pre-pleading status”, and on cases[4] construing Code of Criminal Procedure § 544, which provided that, “When a new trial is ordered, it shall proceed in all respects as if no trial had been had.”
There is no merit to the contention. CPL 710.60 (4) does not mandate reconsideration at the required hearing of issues the disposition of which was affirmed on the prior appeal (People v Rice, 35 NY2d 656, 657; People v Ball, 99 AD2d 785; People v Buthy, 38 AD2d 10, 13; cf. People v Blake, 35 NY2d 331, 334), and although CPL 710.40 (4) vests the trial court with discretion to reopen such a hearing on grounds previously unavailable to defendant (People v Cohen, 58 NY2d 844, affg 87 AD2d 77, 79; People v Fuentes, 53 NY2d 892), denial of such a motion under the circumstances of this case involves no abuse of discretion (People v Fuentes, supra).
CPL 470.55 (2) and Code of Criminal Procedure § 544, its predecessor provision, are of no greater help to defendant’s *512 cause. The words “pre-pleading status” in the present provision can only be read to refer to the status of the case prior to the “plea of guilty” mentioned earlier in the same sentence and, as for the cases construing the predecessor section, examination of them discloses that although they permitted motions to be made on remand after appeal, none involved relitigation of an issue litigated and decided prior to reversal.
IV
The claim that in-court identification should not have been allowed because impermissibly tainted by the victim’s repeated viewings of the photo array was decided against defendant at the first suppression hearing and that determination was affirmed by the Appellate Division. Though not argued before us on the prior appeal, which was taken by the People, it is clear from the record that there was evidence to support the finding of independent source. Not only did the victim testify that she was able to get a good look at defendant’s face at various times during the four hours they were together, but also she testified that during the sexual assault his face was but a few inches from hers. The issue is, therefore, beyond our review.
For the foregoing reasons, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye, Alexander and Titone concur.
Order affirmed.

. Colten v Kentucky (407 US 104); Chaffin v Stynchcombe (412 US 17); Blackledge v Perry (417 US 21); Bordenkircher v Hayes (434 US 357); United States v Goodwin (457 US 368); Wasman v United States (468 US —, 104 S Ct 3217).

. Simpson v Rice, considered together with North Carolina v Pearce (395 US 711), involved initial sentences after plea aggregating 10 years, set aside on coram nobis, followed by conviction after trial and imposition of sentences totaling 25 years, but the State offered no evidence whatsoever to justify the increase. Bordenkircher v Hayes (434 US 357) though it dealt at length with plea negotiations, and has important bearing on the result in this case, as hereafter discussed, dealt not with the judge’s imposition of a higher sentence but with the prosecutor’s increase of the charges against defendant, which increased the punishment potential.

. Accord, Sweetwine v State (42 Md App 1, 13, 398 A2d 1262, 1269, affd 288 Md 199, 421 A2d 60, cert denied 449 US 1017): “In a nutshell, the Appellant, with his initial guilty plea, ‘bought’ leniency and then stopped payment on the check. His insistence that he be treated as if he had not stopped payment reeks of disingenuousness. Fundamental due process of law was not offended by [the enhanced] sentencing in this case.”

. People v Coffey (11 NY2d 142); People v Loria (10 NY2d 368); People v Ercole (4 NY2d 617); People v Childers (54 Misc 2d 752); People v Pariser (50 Misc 2d 727); People v Porter (37 Misc 2d 73).