■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COLEMAN, Also Known as JAMES COLEMAN, Also Known as SCOTT COLEMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered November 21, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject defendant's contention that the photographic array from which he was identified was unduly suggestive. An examination of the six-picture array reveals that defendant was not unusually dressed, nor did his appearance and pose differ greatly from those of the men in the other photographs. Thus, there is no basis for his argument that his picture stood out from the rest, and the hearing court properly determined that the photographic array did not present a substantial likelihood of irreparable misidentification *(see, People v Jackson,* 108 AD2d 757; *People v Ball,* 99 AD2d 785). Moreover, the choosing of defendant's picture from this array by the identifying witness provided ample probable cause for defendant's subsequent arrest *(see, People v Brewster,* 100 AD2d 134, *affd* 63 NY2d 419).

We further reject defendant's argument that a mistrial was mandated by a single question asked by the prosecutor which allegedly bolstered the identifying witness's testimony. While the unanswered question was inartfully phrased, we seriously doubt that either its purpose or its effect was to bolster her testimony. In any event, the trial court's prompt action in sustaining an objection and carefully instructing the jury to disregard the question was sufficient to cure any prejudice which might have resulted *(see, People v Cuevas,* 99 AD2d 553). Likewise, we find that the court properly denied defense counsel's application for an adjournment to locate and produce an impeachment witness. The record clearly reflects that the written reports of the witness, which contained the material to be used for impeachment, were made available to defense counsel and were utilized extensively by him on cross-examination.

Defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is also without merit. The strong and unwavering testimony of the prosecution's witnesses militates against a finding that the jury acted irrationally in crediting their version of the killing *(see, People v Contes,* 60 NY2d 620). The jury was fully aware of the minor inconsistencies in the testimony of the People's witnesses, as well as the exculpatory testimony elicited on defendant's behalf. Since the jury was aware of all the evidence and rendered a verdict amply supported by the evidence, the conviction should not now be disturbed *(see, People v Kennedy,* 47 NY2d 196; *People v Rosenfeld,* 93 AD2d 872).

Equally unpersuasive is defendant's claim that the trial court erred in refusing to charge manslaughter in the second degree as a lesser included offense of second degree murder. The uncontroverted testimony of the medical examiner clearly established that the victim was shot several times from a distance. Since no evidence of recklessness was present in the record, no reasonable view of the evidence would support a conviction of manslaughter in the second degree, and the court properly denied defense counsel's request to charge this offense *(see, People v Doctor,* 98 AD2d 780; *People v Goodwin,* 64 AD2d 780; *People v Wall,* 34 AD2d 215, *affd* 29 NY2d 863). Defendant's remaining contentions involve alleged errors which have not been preserved for appellate review *(see,* CPL 470.05 [2]), nor is such review warranted in the interest of justice. Finally, we note that the sentence imposed was within the trial court's discretion and was neither harsh nor excessive in light of the nature of the offense *(see, People v Farrar,* 52 NY2d 302; *People v Flores,* 101 AD2d 657). Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.