■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL FLOYD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 3, 1986, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

After examining the six photographs shown to the complainant, we find no basis for disturbing the hearing court's determination that the array did not present a substantial likelihood of irreparable misidentification *(see, People v Coleman,* 114 AD2d 906). Moreover, contrary to the defendant's contention, the evidence supports the hearing court's findings that the complainant did in fact make a positive identification of the defendant upon his first viewing of the photographic array seven days after the crime, and that the complainant's identification of the defendant upon his second viewing of the array six days later was a confirmation of his first identification.

In addition, we find no support for the defendant's contention that the complainant's viewings of the photographic array tainted his subsequent viewing of two lineups both conducted 19 days after the second viewing of the photographic arrays. Moreover, there is no specific claim that the lineup procedures were unduly suggestive.

In light of the foregoing determinations, we need not reach the issue of whether the prospective in-court identification of the defendant by the complainant had a basis independent of the pretrial identification procedures.

Finally, we find that the sentence imposed was not excessive *(see, People v Kazepis,* 101 AD2d 816). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.