■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI THOMAS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered October 5, 1987, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was indicted with two other inmates at Clinton Correctional Facility in Clinton County for criminal possession of a weapon in the third degree (Penal Law § 265.02) based upon an incident which occurred at the facility on March 31, 1985. According to the testimony of correction officers who witnessed the incident, a fight broke out in the prison yard and a group of inmates were observed stabbing another inmate, Benjamin Shim. The group dispersed when correction officers arrived at the scene and defendant, who had not been part of the group, was observed standing nearby. One of the inmates involved in the fight, Steven Westbrook, allegedly dropped his weapon as he fled and, according to the correction officers, defendant grabbed Westbrook's weapon and attempted to run from the area. When defendant was ordered to halt and drop the weapon, he turned around and took several steps toward the correction officers, waving the knife in a threatening manner. Defendant was again ordered to drop the knife and, after a standoff lasting a minute or two, he finally complied with the order.

Defendant was previously tried with Westbrook and was convicted. However, this court reversed defendant's conviction on the ground that defendant was improperly shackled during the trial (125 AD2d 873). Defendant was convicted on retrial and sentenced to 3 to 6 years' imprisonment. This appeal by defendant ensued.

Defendant's first contention on appeal is that County Court erred in refusing to rule on the merits of his motion to dismiss

the indictment made prior to the second trial. By this motion, defendant sought to dismiss the indictment on the ground that there was insufficient evidence presented to the Grand Jury and, also, that the indictment was defective in that it did not contain a plain and concise statement asserting facts supporting every element of the crime charged (see, CPL 200.50 [7]). County Court summarily denied defendant's motion, finding that the matters raised therein were either moot, waived or res judicata based upon the court's denial of a similar motion made prior to the first trial.

As to defendant's contention that the indictment was defective due to an inadequate factual statement, we note that this specific challenge was not raised in the motion to dismiss the indictment made prior to the first trial. Although County Court was technically incorrect in refusing to address the merits on the basis that this issue had already been litigated and decided (cf., People v Miller, 65 NY2d 502, 511, cert denied 474 US 951) or, alternatively, that it had been waived by defendant's failure to raise this objection in his first motion (see, People v Nitzberg, 289 NY 523, 530-531; People v Pariser, 50 Misc 2d 727, 728-729), this error was harmless in light of our conclusion that the indictment and bill of particulars gave defendant adequate notice of the crime charged (see, People v Morris, 61 NY2d 290, 293-294).

Defendant's contention that there was insufficient evidence presented to the Grand Jury is not properly before us on appeal (CPL 210.30 [6]) and defendant is limited to challenging only the legal sufficiency of the trial evidence (see, People v Ali, 147 AD2d 847; People v Shapiro, 117 AD2d 688, 689, lv denied 67 NY2d 950). Based upon the testimony of the correction officers who witnessed the incident and, viewing the evidence in a light most favorable to the People, there was ample evidence adduced at trial to support the conviction.

Defendant also contends that County Court erred in refusing to require the prosecution to proceed at trial on an accomplice theory based on the fact that the indictment stated that the named defendants "each act[ed] in concert with the other". According to defendant, the phrase "acting in concert" demonstrates that he was indicted on a theory of accessorial liability and, accordingly, it was error for the court to permit him to be tried for a different crime than was presented to the Grand Jury. The prosecution, on the other hand, denies that defendant was tried on a different theory of criminal liability than he was indicted for. According to the prosecution, the phrase "acting in concert" was merely a vehicle for charging

three codefendants in a single indictment, permitting joinder of trials. In our view, defendant's contention is without merit. The Grand Jury was not instructed on any theory of accomplice liability and there is nothing in the record to support defendant's claim that the People presented the case to the Grand Jury on that theory.

Defendant also claims that County Court erred in denying his request to call inmate witnesses pursuant to CPL 630.10. Defense counsel made an informal request, just prior to the close of the People's case, that certain individuals be produced so that they could testify on behalf of the defense. County Court denied the request, finding that a proper and timely application for procurement of these witnesses had not been made and, also, that the defense had failed to show that these witnesses possessed material information.

In our view, County Court properly denied defendant's request under CPL 630.10. The evidence adduced at trial indicated that the witnesses requested by defendant fled the scene prior to defendant's confrontation with the correction officers. Indeed, defense counsel stated that these inmates were sought to disprove that defendant had "act[ed] in concert" with any other inmates. In light of our determination that defendant was never charged as an accomplice to any criminal activity, such testimony was clearly not material and the request was properly denied (see, People v Hodge, 76 AD2d 985, 986, mod on other grounds 53 NY2d 313).

We have considered defendant's remaining contentions and find them to be equally without merit.

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.