(June 21, 1990)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MALPEZZI, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 21, 1986, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree, and (2) from a judgment of said court, rendered March 21, 1986, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant was charged in two indictments with five crimes for two separate incidents committed in the City of Schenectady, Schenectady County, during the last week in January 1985. On January 24, 1985, defendant and two accomplices, Mark Spickerman and Serena Cappiello, allegedly burglarized a second-floor apartment of a multiple dwelling located at 835 Cutler Street and stole property with a value in excess of

$250. Defendant and his accomplices had been staying in the first-floor apartment of the building with the female tenant at the time the crimes were committed. Later, on or about January 27, 1985, defendant and Spickerman allegedly stole numerous bottles of liquor and several cases of beer with a value in excess of $250 from an establishment known as Christy's Food.

Defendant and Spickerman were charged in one indictment with the crimes of burglary in the second degree, grand larceny in the second degree and criminal mischief in the fourth degree for the January 24, 1985 incident. The second indictment, related to the thefts at Christy's Food, charged defendant and Spickerman with the crimes of burglary in the third degree and grand larceny in the third degree. Prior to defendant's trial, Spickerman pleaded guilty to a burglary charge in exchange for his testimony at trial.

A trial for the crimes charged in the first indictment was held in January 1986. The prosecution's direct case rested largely on the eyewitness testimony of Spickerman and Cappiello, who was unindicted. The two accomplices testified that they and defendant gained access to the upstairs flat from the first-floor apartment where they were staying by use of the building's inner stairway and stole personalty including jewelry and a camera. After they had transported the stolen goods in defendant's car to a motel, Cappiello testified that she gave a statement to Investigator William Schaeffer attesting that she, Spickerman and defendant had burglarized the second-story flat at 835 Cutler Street and transported the goods to the motel. After obtaining a search warrant, the police searched the "fingered" motel room and discovered the stolen property.

After the trial was concluded, the jury convicted defendant of the crimes of burglary in the second degree and grand larceny in the third degree. Subsequent to the verdict, defendant was permitted to plead guilty to grand larceny in the third degree in full satisfaction of the second indictment charging the crimes committed at Christy's Food in return for concurrent, rather than consecutive, prison terms. Defendant was sentenced to concurrent indeterminate terms of incarceration of 1½ to 4½ years for the burglary conviction and 1⅓ to 4 years for each of the grand larceny convictions. These appeals followed.

Defendant's admission that he was present at the commission of the crime, together with the implicating testimony of Spickerman and Cappiello as well as that of the victims, was

more than enough to connect defendant to the crime as mandated by CPL 60.22. Thus, defendant's contention of insufficient corroboration is without merit.

Next, we reject defendant's contention that he was denied effective assistance of counsel. Even a cursory review of the record reveals that trial counsel undertook appropriate motion practice, opening statement, trial strategy and summation. He also negotiated a favorable plea agreement and sentence. Under such circumstances, we find no deprivation of defendant's right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

As to defendant's contention that a mistrial should have been granted due to an inadvertent reference to an outstanding bench warrant, we find that any error in this regard, considering the quantum of proof of defendant's guilt, was harmless *(see, e.g., People v Tinning,* 142 AD2d 402, 408, *lv denied* 73 NY2d 1022). Likewise, any error in unduly restricting defense counsel's cross-examination of Cappiello concerning her relationship with the police was harmless *(see, People v Crimmins,* 36 NY2d 230, 237).

Considering defendant's conviction based on legally sufficient evidence and his guilty plea, he cannot now complain that the evidence before the Grand Juries was insufficient *(see,* CPL 210.30 [6]; *People v Dunbar,* 53 NY2d 868, 871; *People v Thomas,* 148 AD2d 883, 884, *lv denied* 74 NY2d 748). Finally, defendant's guilty plea, as appearing in the record, was not involuntary. Accordingly, the convictions must be affirmed.

Judgments affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.