OPINION OF THE COURT
George G. Bernhard, J.
This is a proceeding in the nature of mandamus to compel the District Attorney of Dutchess County to honor a request under the Freedom of Information Law for a copy of the District Attorney’s instructions to the Grand Jury which found an indictment against petitioner.
The District Attorney relates, without contradiction, that petitioner was tried on the subject indictment for robbery and additional charges. During the trial, his attorney moved (1) for an inspection by the court of the Grand Jury minutes and, (2) upon such inspection, for dismissal of the charges upon the ground that the indictment was based on insufficient evidence. The court granted the motion to the extent of examining the Grand Jury minutes but declined to dismiss the indictment. Petitioner was convicted on a jury verdict of guilty on all counts.
The District Attorney raises as a threshold question that his instructions to the Grand Jury, although presumably transcribed (see, People v Kennedy, 127 Misc 2d 712), were not typed and that the court reporter (stenographer) has since retired. Such a defense is not acceptable. The Grand Jury, consisting of laymen, are instructed by the District Attorney on the law upon which they choose to indict totally in the absence of the defendant, defense counsel or even the court. Such an instruction is an integral part of legal proceedings of great import and should not be permitted to remain in a tactical twilight zone.
The more important issue is whether article 6 of the Public Officers Law (Freedom of Information Law) encompasses Grand Jury proceedings.
Section 86 of the Public Officers Law provides in pertinent part:
"§ 86. Definitions
*820 "As used in this article, unless the context requires otherwise:
"1. 'Judiciary’ means the courts of the state, including any municipal or district court, whether or not of record.
"2. 'State legislature’ means the legislature of the state of New York, including any committee, subcommittee, joint committee, select committee, or commission thereof.
"3. 'Agency’ means any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature.
"4. 'Record’ means any information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes.” (Emphasis added.)
Sections 87 and 88 provide for access to "agency” and "legislative” records. They do not provide access to records of the judiciary. (Matter of Pasik v State Bd. of Law Examiners, 102 AD2d 395.) The Grand Jury is an important arm of the judiciary. Hence, discovery of the District Attorney’s instructions to the Grand Jury is not mandated by the Freedom of Information Law.
On the other hand, CPL 190.25 (4) (a) specifically states that Grand Jury proceedings are secret, not subject to disclosure, except by court order. This raises a question whether such a court order is appropriate in this case.
Such orders are usually issued in situations where there is an issue of whether things took place before the Grand Jury which militate against evidence adduced at a trial.
Petitioner argues cogently that the purposes for Grand Jury secrecy, such as protection of witnesses and evidence, no longer exist since he has been convicted of the charges and is incarcerated. Presumably, his purpose to obtain these records is to disclose some infirmity in the legal advice given by the prosecutor to the Grand Jury whose duty it was to determine whether "(a) the evidence before it is legally sufficient to establish that such person committed such offense * * * and *821 (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense” (CPL 190.65 [1]). This has been formulated as a determination whether the District Attorney has presented a prima facie case. (People v Avant, 33 NY2d 265.) However, whether these instructions by the District Attorney were faulty or not, evidence was presented against petitioner subsequently at a jury trial. This evidence was ruled sufficient to support a conviction beyond a reasonable doubt and the trial court issued instructions based on the evidence and existing law to the jury, which then proceeded to convict. These events were subject to petitioner’s right of appeal.
Accordingly, the indictment and the evidence it was based on can only be deemed to have merged in the judgment of conviction which was based on the evidence at a plenary trial. (See, People v Martin, 122 AD2d 893; People v Thomas, 148 AD2d 883; People v Robinson, 133 AD2d 473, lv denied 71 NY2d 1032.)
The application is denied.