OPINION OF THE COURT
Leon Beerman, J.
Defendant seeks to dismiss the indictment on the theory of prosecutorial misconduct at the Grand Jury level.
*390 I
PROCEDURAL HISTORY
Before considering this application, a review of the prior history is necessary. The defendant herein was indicted on July 28, 1988, and charged with 13 counts of sexual abuse involving his infant daughter. The charges include rape, sodomy, and sexual abuse as well as endangering the welfare of a child. These accusations arose out of a bitter divorce action in which defendant’s estranged wife accused her husband of abusing his four-year-old daughter. The case was assigned to the Honorable Arthur J. Cooperman who heard all pretrial motions and conducted a nonjury trial.
On December 5, 1989, the defendant was convicted of rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree (four counts), incest (two counts) and endangering the welfare of a child (three counts). Defendant was sentenced to 8Vs to 25 years, 2Vs to 7 years, lié to 4 years and terms of 1 year. All sentences were to run concurrently.
The defendant appealed his conviction and on January 15, 1992 the Appellate Division, Second Department, ordered "that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.” (People v Baba-Ali, 179 AD2d 725.) The judgment was reversed on two grounds, ineffective assistance of counsel and prosecutorial misconduct. The ineffectiveness of counsel lay in the fact that the trial attorney failed to provide meaningful representation. He was unprepared and "so unfamiliar with the details of defendant’s case ' "as to doom the defense to failure” ’ ”. (Supra, at 729.) In particular, the Appellate Division stressed the fact that two Pennsylvania hospitals examined the child and found no evidence of abuse. Nor did the daughter ever state that her father attacked her, but merely indicated "maybe.”
The second ground dealt with prosecutorial abuse. Here the court found that the failure of the People to supply hospital records until the eve of the trial was "inexcusable.” (People v Baba-Ali, 179 AD2d, at 729, supra.) The appellate court also noted that these "records were not even presented to the Grand Jury.” (Supra, at 730.)
On February 14, 1992 the People moved to amend the *391 Appellate Division decision by deleting the court’s final paragraph dealing with the People’s failure to supply medical records until the eve of trial. This application was denied on March 12,1992.
ii
THE PRESENT MOTION
The retrial has been assigned to this court and defendant now requests inspection of the Grand Jury minutes and dismissal of the indictment upon the basis of prosecutorial misconduct at the Grand Jury level. Specifically, dismissal is urged on the theory that the prosecution deliberately failed to present the Pennsylvania hospital records to the Grand Jury and these documents would have established that no sexual activity took place.
The People urge denial of this motion on two grounds:
1. The present court lacks authority to hear preliminary motions that were lawfully decided by the original trial court.
2. That even if the Appellate Division had commented upon the lack of evidence at the Grand Jury level, this did not constitute permission to entertain the present motion.
In support of their first objection, the People argue that a similar motion was made before the Honorable Arthur J. Cooperman dealing with exculpatory evidence at the Grand Jury level and relief was denied in a written decision on December 14, 1989. This being the case, it is contended that the present court is bound by Justice Cooperman’s findings and cannot hold what amounts to a rehearing on this issue.
As for their second objection, the People note that the higher court was aware of the failure to supply records and could have ordered an appropriate remedy at the Grand Jury level or even dismissed the indictment, but did not do so. Since they did not, the appellate court gave no authority to overrule the original trier of the facts.
in
THE APPLICABLE LAW
The question arises, what is the status of a case once it has been reversed by the Appellate Division and sent back for a new trial? Does the second court have the authority to consider the matter de nova or is it bound by the original court’s *392 rulings up to the retrial? To resolve this issue, the court must first examine the appellate process.
Once an intermediate appellate court reverses or modifies a judgment it must direct "such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error * * * and to protect the rights of the respondent.” (CPL 470.20.) Corrective action is defined by subdivision (3) of CPL 470.10 and refers to any "affirmative action taken or directed by an appellate court upon reversing or modifying a judgment * * * which disposes of or continues the case in a manner consonant with the determinations and principles underlying the reversal or modification.” The nature of this corrective action is governed "in part” by CPL 470.20. Normally, the appellate court will either reverse the judgment and order a new trial (CPL 470.20 [1]) or dismiss the accusatory instrument (CPL 470.20 [2]).
Since the statute uses the phrase "in part” it is clear that the Appellate Division has the authority to take other forms of corrective action. Thus, the higher court can hold a decision in abeyance and remand the case back to the trial court for additional findings of fact (see, People v Arnold, 113 AD2d 101); order a new suppression hearing (see, People v Miller, 101 AD2d 1016); or direct virtually any other necessary relief required in the interest of justice.
A reading of the above-mentioned statutes thus indicates that once a case is reversed on the law or as a matter of discretion the trial court is limited to the corrective action set forth in the Appellate Division decision and order. In considering this point, it must be noted that our present statutes do not contain the liberal provisions of the prior Code of Criminal Procedure. Section 544 of the old law states: "When a new trial is ordered, it shall proceed in all respects as if no trial had been had.” This section has been replaced by the current CPL 470.55. (See, distribution table, McKinney’s Cons Laws of NY, Book 11A, CPL 1 to 60.40, at XXL) CPL 470.55 simply states that any accusatory instrument which was the subject of dismissal is deemed to contain all the original counts of the indictment. Therefore, it follows that once a case is reversed, the second court does not have the authority to consider the case de nova, but must follow the Appellate Division instructions regarding retrial.
This brings us to the present application. Defendant seeks inspection of the Grand Jury minutes and dismissal of the *393 indictment based on prosecutorial abuse at the Grand Jury level. The People point out that the defense attorney had an opportunity to inspect the Grand Jury minutes prior to the first trial and did so. Based on this examination, counsel moved the court to dismiss the indictment due to the People’s failure to present hospital records which he claimed constituted exculpatory evidence which would have influenced the Grand Jury. The trial court entertained this motion and ruled on December 4, 1989 that while the evidence was exculpatory it was not "so important as to materially influence the Grand Jury’s investigation” nor would it "cause the Grand Jury to change its findings” (People v Filis, 87 Misc 2d 1067, 1069). Based on these conclusions the exculpatory evidence application was denied. The People maintain that this ruling indicated that they were under no duty to present the medical records at the Grand Jury level, hence, any failure to do so did not constitute prosecutorial abuse. The prosecution therefore argues that it would be error for this court to consider the present motion based on Justice Cooperman’s findings.
In evaluating the application, this court will first consider a case presenting a similar issue as to the effect of a prior court’s ruling on preliminary motions.
In People v Miller (65 NY2d 502), the defendant entered a plea of guilty to first degree rape and was sentenced. His case was reversed on the basis of an erroneous Huntley ruling. The second trial court conducted a new Huntley hearing, but limited its findings only to new issues and refused to consider matters heard by the first Hearing Judge. The Court of Appeals approved this procedure, stating (at 511-512):
"CPL 710.60 (4) does not mandate reconsideration at the required hearing of issues the disposition of which was affirmed on the prior appeal (People v Rice, 35 NY2d 656, 657; People v Ball, 99 AD2d 785; People v Buthy, 38 AD2d 10, 13; cf. People v Blake, 35 NY2d 331, 334), and although CPL 710.40 (4) vests the trial court with discretion to reopen such a hearing on grounds previously unavailable to defendant (People v Cohen, 58 NY2d 844, affg 87 AD2d 77, 79; People v Fuentes, 53 NY2d 892), denial of such a motion under the circumstances of this case involves no abuse of discretion (People v Fuentes, supra).
"CPL 470.55 (2) and Code of Criminal Procedure § 544, its predecessor provision, are of no greater help to defendant’s cause. The words 'pre-pleading status’ in the present provision *394 can only be read to refer to the status of the case prior to the 'plea of guilty’ mentioned earlier in the same sentence and, as for the cases construing the predecessor section, examination of them discloses that although they permitted motions to be made on remand after appeal, none involved relitigation of an issue litigated and decided prior to reversal.”
It is true that the Miller case (supra) dealt with suppression issues, but the over-all view of the court was that once an issue is litigated and decided prior to reversal, this issue is binding on future courts unless the Appellate Division rules otherwise. This same theme, expressed in slightly different fashion, can be found in People v Havelka (45 NY2d 636) when the Court of Appeals decided that the People are entitled to a full and fair evidentiary hearing (at 643), but were not to be afforded a second chance to succeed where once they had tried and failed. Based on the above decisions, this court concludes that once a case is sent back for a new trial, the original preliminary motions are binding on the second court as the new court has no authority to change a court of concurrent jurisdiction’s prior rulings in the absence of instructions from the Appellate Division.
Defendant next argues that even if the original court did rule on the issue, the Appellate Division implicitly overruled the earlier decision when it stated in its final paragraph that "[t]hese records were not even presented to the Grand Jury.” (People v Baba-Ali, 179 AD2d 725, 730, supra.) On the authority of this statement, the defendant maintains that the present court is free to reconsider the Grand Jury prosecutorial abuse issue on its merits. While this argument is plausible on its face, a reading of the final paragraph would indicate that the Appellate Division was stressing the value of the hospital records and pointing out that they should have been turned over to defendant’s counsel as early as possible even at the Grand Jury level (see, People v Hunter, 126 Misc 2d 13, 15). If the appeals court had felt that error had been committed at the Grand Jury level, they always had the power to dismiss the indictment for the purpose of presenting the case to another Grand Jury.
The application to inspect the Grand Jury minutes and dismiss the indictment on the basis of prosecutorial misconduct at the Grand Jury level is therefore denied in all respects.