[907 NYS2d 598]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOSHUA M. ZONA, Defendant.

County Court, Seneca County, August 20, 2010

**APPEARANCES OF COUNSEL**

*J. Scott Porter* for defendant. *Barry Porsch, District Attorney* (*R. Michael Tantillo* of counsel), for plaintiff.

**OPINION OF THE COURT**

W. Patrick Falvey, J.

Defendant, Joshua M. Zona, charged with one count of petit larceny, a class A misdemeanor, in violation of section 155.25 of the Penal Law, is scheduled for retrial, following his successful appeal after trial. (*People v Zona*, 60 AD3d 1279 [2009], *affd* 14 NY3d 488 [2010].)

Defendant, now moves for an order dismissing the indictment on the ground that this court erred in denying his pretrial motion for dismissal due to failure of the Special District Attorney to charge the grand jury with the claim of right defense. Although not stated in the notice of motion, defendant's counsel asserts in his attorney affirmation in support that this is a motion to renew and reconsider the defendant's motion to dismiss the indictment, filed before the defendant's first trial.

The People oppose the motion.

The court agrees with defendant that he could not have cross-appealed to the Court of Appeals concerning the issue of whether the grand jury instructions should have included a charge on claim of right, despite the high court's reference to cross appeal in its decision. The Court of Appeals noted that it was not addressing the claim of right charge at grand jury issue because the defendant had not cross-appealed to the Court of Appeals. (*Zona*, 14 NY3d at 492, 498.) The defendant argues in his present motion that he could not cross-appeal to the Court of Appeals under Criminal Procedure Law § 450.90 (1) because the Fourth Department's order was not "adverse" to defendant. That section allows appeal provided leave to appeal has been granted

> "from any adverse or partially adverse order of an intermediate appellate court entered upon an appeal taken to such intermediate appellate court . . . An order of an intermediate appellate court is adverse to the party who was the appellant in such court when it affirms the judgment, sentence or order appealed from, and is adverse to the party who was the respondent in such court when it reverses the judgment, sentence or order appealed from. An appellate court order which modifies a judgment or order appealed from is partially adverse to each party." (CPL 450.90 [1].)

"Modification" and "reversal" are specifically defined in CPL 470.10. And here, neither the Fourth Department nor the Court

of Appeals modified the judgment of conviction. Instead the judgment of conviction was reversed on the law. The Fourth Department's order was therefore not partially adverse, nor adverse, to the defendant, and so, the defendant could not have cross-appealed on the grand jury claim of right issue to the Court of Appeals. (*See People v Ballman*, 15 NY3d 68 [2010].)

Although the defendant's motion at bar is not defeated by his failure to argue the grand jury claim of right issue to the Court of Appeals, the motion must be denied now, because the corrective action (CPL 470.10 [3]) directed by the Fourth Department, as affirmed by the Court of Appeals, calls not for dismissal of the indictment, but for a new trial, and nothing more.

Although defendant argued this issue before the Fourth Department, the Appellate Division was silent on this point in its decision, which reversed the judgment of conviction on the law and granted a new trial. It certainly could have ruled on the issue, and either dismissed the indictment for failure to charge the grand jury on the claim of right defense or affirmed this court's prior order on this very issue. But, it did neither. The Fourth Department's corrective instruction (a new trial) "continues the case in a manner consonant with the determinations and principals underlying the reversal" (CPL 470.10 [3]). And, since the Fourth Department did not dismiss the indictment, this court must deny the defendant's motion as beyond the corrective measure ordered by the Fourth Department under CPL 470.20 and 470.25. (*See People v Baba-Ali*, 154 Misc 2d 389 [Sup Ct, Queens County 1992]; *see also People v Miller*, 65 NY2d 502, 511-512 [1985]; *compare People v Thomas*, 148 AD2d 883 [3d Dept 1989].)

As examined by Queens County Supreme Court Justice Beerman in *Baba-Ali*, "Once an intermediate appellate court reverses or modifies a judgment it must direct 'such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error . . . and to protect the rights of the respondent.' " (154 Misc 2d at 392, quoting CPL 470.20.)

"If the appeals court had felt that error had been committed at the Grand Jury level, they always had the power to dismiss the indictment for the purpose of presenting the case to another Grand Jury." (*Baba-Ali* at 394.)

There being no finding of error by the Fourth Department regarding the grand jury claim of right instruction issue here, the court will follow the two higher courts' instructions and

retry the case, but will not grant the defendant's motion to dismiss the indictment.

The defendant's motion is in all respects denied.